**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ACCORD INDUSTRIES, LLC,
a Florida limited liability company,
    Plaintiff,

vs.                                      **CASE NO: _____**

VALMONT NEWMARK, INC,           **JURY TRIAL REQUESTED**
a Delaware corporation,

    Defendant.
_____/

**ACTION UNDER 28 U.S.C. § 2201(A) FOR DECLARATORY JUDGMENT**
**OF NON-INFRINGEMENT OF PATENTS**

Plaintiff Accord Industries, LLC ("Accord") through counsel, brings this action for declaratory judgment of patent non-infringement against Defendant Valmont Newmark, Inc. ("Valmont"), and alleges as follows:

**PARTIES**

1. Accord is a Florida limited liability company having its principal headquarters in Winter Park, Florida.

2. Upon information and belief, Valmont is a Delaware corporation with its principal address at One Valmont Plaza, 5th Floor, Omaha, Nebraska 68154.

3. Upon further information and belief, Valmont is registered in Florida as a Foreign Profit Corporation, with a registered agent of C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

## JURISDICTION AND VENUE

4. This is a claim for a declaration under 28 U.S.C. §§ 2201(a) and 2202 that certain United States patents owned by Valmont have not been infringed by Accord. This Court has exclusive jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

6. This Court has personal jurisdiction over Valmont, because, upon information and belief, it regularly conducts significant business in this judicial district and division, as evidenced by the fact that it states its spun concrete poles are "in service extensively throughout Florida," (Exhibit A); it has an office at 4131 US Highway 17 South, Bartow, Florida 33830-7567 (Exhibit B); is registered in Florida as a Foreign Profit Corporation (Exhibit C), and has sent letters threatening legal action to Accord in this judicial district (composite Exhibit D).

## FACTS

7. Accord has been a leading manufacturer of concrete and traffic poles and PVC pipe for over 35 years. These poles have been used for transmission, distribution, lighting, communications, as well as a variety of other uses.

8. In connection with this business, Accord has recently developed and commenced utilizing a new type of device and method for attaching structures to concrete poles more securely.

9. Upon information and belief, Valmont is a company that manufactures various utility, lighting, communication and traffic poles for commercial and consumer use.

10. Valmont has represented that it is the owner of U.S. Patent Nos. 5,761,875 and 7,240,464, true and correct copies of which are attached hereto as composite Exhibit E (collectively referred to as "Valmont Patents").

11. On or about March 25, 2010, Valmont, through its counsel, wrote the first of three letters to Accord asserting rights to the Valmont Patents, demanding Accord's confidential research and development information, and threatening initiation of litigation. True and correct copies of these letters are attached hereto as Exhibit D.

12. Accord has not infringed, directly or indirectly, any valid and enforceable claims of the Valmont Patents, and cannot therefore be liable for infringement of any such claims.

## COUNT I
## Action for Declaratory Judgment of Patent Non-Infringement of the Valmont Patents

13. This Count One is an action by Accord against Valmont seeking a declaratory judgment that the Valmont Patents are not infringed by Accord.

14. Accord here restates and incorporates by reference into this Count One the allegations of ¶¶1-12 above, inclusive.

15. Upon information and belief, the Valmont Patents are owned by Valmont.

16. Valmont has sent several letters to Accord regarding the Valmont Patents. In connection with those letters, Valmont has threatened to initiate litigation against Accord.

17. The conduct of Valmont presents a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality, to warrant relief as to whether Accord has liability to Valmont under the Valmont Patents.

18. Accord does not infringe either directly or indirectly, by contribution or inducement, any valid and enforceable claims of the Valmont Patents.

WHEREFORE, Accord asks this Court to enter judgment against Valmont that:

   a. The Valmont Patents are not infringed by any devices or methods of Accord;

   b. Prohibits Valmont from making further threats of litigation against Accord for patent infringement;

   c. This case is exceptional under 35 U.S.C. § 285 and awarding Accord its attorney fees and costs; and

   d. Such other relief as the Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted July 23, 2010.

                                      */s/Allison R. Imber*
Jeffrey S. Boyles
Florida Bar No. 722308
jboyles@addmg.com
Brian R. Gilchrist
Florida Bar No. 774065
bgilchrist@addmg.com
Allison R. Imber
Florida Bar No. 44233
aimber@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, #1401
Post Office Box 3791
Orlando, FL  32802-3791
Telephone:     (407) 841-2330
Facsimile:     (407) 841-2343

Attorneys for Plaintiff
Accord Industries, LLC

5