**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| ACCORD INDUSTRIES, LLC,<br>A Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VALMONT NEWMARK, INC.,<br><br>Defendant. | Case No. 8:10-CV-01647-JSM-TGW |

## ANSWER TO DECLARATORY COMPLAINT AND COUNTERCLAIM FOR PATENT INFRINGEMENT

COMES NOW, Valmont Newmark, Inc. ("Valmont Newmark"), by and through its counsel, and files this Answer to the Action under 28 U.S.C. § 2201(a) for Declaratory Judgment of Non-infringement of Patents ("Complaint," Doc. 1) filed by Plaintiff Accord Industries, LLC ("Accord") and Counterclaim against Accord for patent infringement. Valmont Newmark responds to the Complaint as follows, the paragraphs below corresponding to like-numbered paragraphs of the Complaint:

## PARTIES

1. Admitted, on information and belief.

2. Valmont Newmark admits that it is a Delaware corporation but avers that its principal place of business is Two Perimeter Park South, Suite 475 West, Birmingham, AL 35243.

3. Admitted.

## JURISDICTION AND VENUE

4. Valmont Newmark admits that this action is a declaratory judgment action under 28 U.S.C. §§ 2201(a) and 2202 and that the Court has exclusive jurisdiction under 28 U.S.C. §§ 1331 and 1338. Valmont Newmark denies that a certain United States patent owned by Valmont Newmark has not been infringed by Accord.

5. Admitted.

6. Valmont Newmark admits that it sent certain letters to Accord but denies that such letters threatened legal action against Accord. Valmont Newmark otherwise admits the allegations of paragraph 6.

## **FACTUAL ALLEGATIONS**

7. Valmont Newmark admits that Accord manufactures concrete poles for use by utilities. Valmont Newmark is otherwise without sufficient information to admit or deny the allegations of paragraph 7, and therefore they are denied.

8. Valmont Newmark admits that Accord has manufactured and offered for sale a device for attaching structures to concrete poles. Valmont Newmark denies this device is new, because it infringes U.S. Patent 7,240,464 owned by Valmont Newmark. Except as expressly admitted, the allegations of paragraph 8 are denied.

9. Admitted.

10. Admitted.

11. Valmont Newmark admits it wrote three letters to Accord asserting rights to U.S. Patents 5,761,875 (the '875 Patent) and 7,240,464 (the '464 Patent) and requested the Accord provide sufficient information, subject to appropriate confidentiality protections, so that it could be determined whether Accord's attachment mechanism infringed one or both of these patents. Valmont Newmark denies that it threatened initiation of litigation in these letters.

12. Denied.

## **COUNT I**

13. Valmont Newmark admits Count I is for declaratory judgment but denies that the '464 Patent is not infringed by Accord.

14. Valmont Newmark incorporates by reference its response to paragraphs 1-13 as if fully set forth herein.

15. Admitted.

16. Valmont Newmark admits it wrote several letters to Accord regarding the '875 Patent and the '464 Patent, but denies that it threatened litigation against Accord by those letters.

17. Denied, as to pre-suit activities of Valmont Newmark.

18. Denied.

In response to Accord's prayer for relief, Valmont Newmark denies Accord is entitled to the requested relief or any relief whatsoever. Valmont Newmark further requests that this Court enter a declaration that the '464 Patent is valid and infringed by Accord. Except as expressly admitted herein, Valmont Newmark denies the allegations of the Complaint.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

Valmont Newmark, for its Counterclaim for Patent Infringement against Accord, hereby states as follows:

1.     Valmont Newmark is a leading manufacturer of structures used for commercial and traffic lighting, utility power line and communications transmission, and other applications, including spun concrete poles having a novel and patented attachment mechanism, which is at issue in this case.

2.     Valmont Newmark is a Delaware corporation with its principal place of business in Birmingham, Alabama.

3.     On information and belief, Accord is a Florida limited liability company with its principal place of business in Winter Park, Florida.

## JURISDICTION AND VENUE

4.     This is a Counterclaim for patent infringement under 35 U.S.C. §§ 271 and 281 of the Patent Act.  This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this District because Accord may be found here and has committed acts of infringement within this District.

## FACTUAL ALLEGATIONS

6.     Valmont Newmark manufactures and sells concrete poles used for power line transmission, frequently seen along roadsides and utility right of ways.

There is often a need to attach arms or other structures to the pole in a structurally sound manner to carry power lines. Valmont Newmark developed a novel attachment mechanism to do so, and on June 9, 1998, the United States Patent and Trademark Office duly and lawfully issued United States Patent 5,761,875, entitled "Reinforced Concrete Pole with Attachment Mechanism" (the '875 Patent).

7. Valmont Newmark continued to develop and improve upon a mechanism for attaching structures to concrete poles, and on July 10, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,240,464, entitled "Connector for Concrete Poles" (the '464 Patent). Only the '464 Patent is currently at issue in this litigation.

8. Valmont Newmark owns the '464 Patent, and it has not expired and is currently in full force and effect. In accordance with 35 U.S.C. § 282, the '464 Patent, and each and every one of its claims, is presumed to be valid.

9. Accord also manufactures and sells spun concrete poles and is a competitor of Valmont Newmark.

10. Accord has manufactured, offered for sale, and sold a concrete pole having a mechanism for attaching structures to concrete poles. This product infringes one or more claims of the '464 Patent.

11. Accord has received notice of Valmont Newmark's rights in the '464 Patent, and, upon information and belief, has knowingly and willfully continued to

manufacture, sell, or offer to sell its concrete pole with the attachment mechanism in violation of Valmont Newmark's patent rights.

## COUNT I
### Patent Infringement

12. Valmont Newmark incorporates by reference the allegations of paragraphs 1-9 as if fully set forth herein.

13. Accord has offered for sale, and on information and belief, and despite notice, Accord continues to offer for sale a concrete pole with an attachment mechanism that infringes one or more claims of the '464 Patent.

14. Accord's patent infringement is knowing, intentional, and willful.

15. On information and belief, Accord is actively inducing patent infringement by selling its concrete pole with an attachment mechanism to customers for their use, and also selling such a pole with the specific intent and purpose of having its customers attach arms, structures, or other appurtenances to the pole with the attachment mechanism.

16. As a result of Accord's infringing acts, Valmont Newmark has been and continues to be damaged and will suffer additional irreparable harm unless Accord is enjoined by this Court from infringing the '464 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Valmont Newmark respectfully requests the following relief:

A.  A judgment that Accord has infringed and continues to infringe claims of the '464 Patent;

B.  A judgment that Accord has actively induced others to infringe claims of the '464 Patent;

C.  An injunction permanently restraining Accord, its officers, agents, servants, employees and all persons in active concert or participation with them, from infringing the '464 Patent;

E.  A judgment against Accord for damages adequate to compensate Valmont Newmark for said infringement under 35 U.S.C. § 284;

F.  A finding that Accord's infringement has been knowing and willful;

G.  That the judgment for damages be trebled as authorized by 35 U.S.C. § 284 in view of the knowing, willful and intentional nature of Accord's infringement;

H.  A finding that this is an exceptional case and an award to Valmont Newmark of its attorneys' fees under 35 U.S.C. § 285.

I.  Such other relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Valmont Newmark hereby demands trial by jury on all issues so triable.

                                                          s/ Ann Taylor
                                        Florida Bar No. 0037228
                                        One of the Attorneys for
                                        Valmont Newmark, Inc.

OF COUNSEL:

Paul M. Sykes
Jess R. Nix
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
psykes@babc.com
jnix@babc.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jeffrey S. Boyles
> Brian R. Gilchrist
> Allison R. Imber
> ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A.
> 255 South Orange Avenue, #1401
> Post Office Box 3791
> Orlando, FL  32802-3791

s/ Ann Taylor<br>
Ann Taylor